UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD H. GREEN (#34521)

VERSUS CIVIL ACTION

SGT. LUTHER MONTANDON, ET AL NUMBER 07-591-JVP-DLD

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 28, 2008.

Docia L. Dalby

DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD H. GREEN (#34521)

VERSUS | CIVIL ACTION

SGT. LUTHER MONTANDON, ET AL | NUMBER 07-591-JVP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment. Record document number 29. The motion is opposed.[1]

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Luther Montandon, Lt. Chad Hukins, Capt. Antonio Whittaker, Maj. John Tubbs, Col. Harold Sterling, Beth Tyler, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder and Warden Burl Cain. Plaintiff alleged that he was issued a false disciplinary report and the defendants conspired to defame his character in violation of his constitutional rights.

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavit of Dr. Jonathan Roundtree, copies of the plaintiff's medical records, a copy of the disciplinary report issued May 26, 2007, and the results of the Administrative Remedy Procedure ("ARP").

---

[1] Record document number 31. Plaintiff addressed claims in his opposition memorandum which were not raised in the complaint. Plaintiff's opposition memorandum will not be treated as an amendment to the complaint.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Plaintiff brought this action against the defendants in both their individual and official capacities.

Section 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).

Plaintiff alleged that Sgt. Montandon issued the plaintiff a false disciplinary report for defiance.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). Plaintiff's claim regarding the issuance of a false disciplinary report asserts neither a sufficient liberty interest nor a significant due process concern. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984); *see also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

Plaintiff alleged that Sgt. Montandon harassed him and subjected him to an unreasonable search in violation of his Fourth Amendment rights.

The Fourteenth Amendment to the Constitution of the United States provides in

pertinent part that no state shall deprive any person of life, liberty or property without due process of law. While imprisoned persons enjoy many protections of the Constitution, it is clear that imprisonment carries with it the circumscription or loss of many significant rights. *See, Bell v. Wolfish* , 441 U.S. 520,545, 99 S.Ct. 1861, 1877 (1979). Loss of freedom of choice and privacy are inherent incidents of confinement. *Bell v. Wolfish*, 441 U.S. at 537, 99 S.Ct. at 1873. The Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions. *Hudson v. Palmer*, 468 U.S. 517, 525, 104 S.Ct. 3194, 3200.

Plaintiff alleged that defendants Lt. Hukins, Capt. Whittaker, Maj. Tubbs conspired to defame his character.

Injury to reputation, by itself is not a liberty interest protected under the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 1164-65 (1976); *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). Moreover, to establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act. *Arseneaux v.Roberts*, 726 F.2d 1022 (5th Cir. 1982). The conspiracy allegations made by the plaintiff are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820 (1984); *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987); *Arseneaux v.Roberts, supra.*

Plaintiff named Harold Sterling, Beth Tyler, Secretary Stalder and Warden Cain as defendants but failed to allege any facts against them which rise to the level of a

constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary Stalder and Warden Cain are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed.

Baton Rouge, Louisiana, July 28, 2008.

Docia L. Dalby

DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE